IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALISON ZITTEL,

    Plaintiff,

v.                                CASE NO. 1:13cv138-MW/GRJ

CITY OF GAINESVILLE, and
BRETT ROBISON, individually
and in his official capacity,

    Defendants.
_____/

**ORDER DENYING DEFENDANT CITY OF GAINESVILLE'S MOTION
TO DISMISS COUNT V OF THE AMENDED COMPLAINT**

Plaintiff, Alison Zittel, alleges that Defendant Robison obtained Plaintiff's personal information from the Driver and Vehicle Information Database while he was employed as a City of Gainesville police officer. Plaintiff further alleges that she was videotaped through her window by Defendant Robison. Defendant City of Gainesville moves to dismiss Count V of the Plaintiff's Amended Complaint, ECF No. 17, arguing that (1) the Driver's Privacy Protection Act ("DPPA") is unconstitutional as applied, and (2) the DPPA violates the Tenth Amendment. As for its first argument, Defendant City of Gainesville urges this Court to engage in a fact specific inquiry and conclude that while the DPPA may be valid in some circumstances, the DPPA cannot be constitutionally applied under the facts of this

1

case because the facts do not involve an item placed into or affecting interstate commerce. The Court will address each of these arguments in turn.

In *Reno v. Condon*, 528 U.S. 141, 148-51 (2000), the United States Supreme Court held that the DPPA is a valid exercise of Congress' authority under the Commerce Clause. In so ruling the Supreme Court concluded that drivers' information is "an article of commerce." *Id.* at 148. It is well recognized that "[w]here the class of activities is regulated and that class is within the reach of federal power, the courts have no power to 'excise, as trivial, individual instances' of the class." *Gonzales v. Raich*, 545 U.S. 1, 23 (2005) (quoting *Perez v. United States*, 402 U.S. 146, 154 (1971)).

Inasmuch as the Supreme Court has already determined that the DPPA passes constitutional muster, this Court declines Defendant City of Gainesville's invitation to excise instances where drivers' information is misappropriated for individual use as opposed to instances in which such information is sold or released. *See id.* (rejecting respondents' invitation "to excise individual applications of a concededly valid statutory scheme").

*Reno* is controlling and the Supreme Court has not receded from its reasoning. While the Supreme Court recently addressed the scope of Congress' authority under to the Commerce Clause in *National Federation of Independent Business v. Sebelius*, its analysis does not call *Reno* into question. *Senne v. Village*

2

*of Palatine, Ill.*, 695 F.3d 617, 620 (7th Cir. 2012) (stating, on motion to stay mandate, that *Reno* "seems unaffected" by *Sebelius* because the facts were distinguishable as the government was attempting to force individuals or states into the market). *See generally, Nat'l Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566 (2012).

As for Defendant City of Gainesville's argument that the DPPA violates the Tenth Amendment, this argument is also unavailing. The DPPA does not violate the Tenth Amendment because it does not mandate the states in their sovereign capacity to regulate their own citizens, to enact laws or regulations, or to enforce a federal regulation. *Reno*, 402 U.S. at 149-51. Instead, the DPPA regulates states as "owners of data bases." *Id.* at 151. Therefore, the DPPA does not contradict the principles of federalism or the Tenth Amendment. *Id.* at 149-51; *see Rios v. Direct Mail Express, Inc.*, 435 F. Supp. 2d 1199, 1205-06 (S.D. Fla. 2006) (denying Defendant's Motion to Dismiss by utilizing the Supreme Court's decision in *Reno* that the DPPA regulates the state as an owner of databases and

does not infringe on the state's right to regulate its own citizens).

For these reasons,

**IT IS ORDERED**:

The Defendant's motion to dismiss, ECF. No. 17, is **DENIED.**[1]

**SO ORDERED on September 9, 2013.**

<u>s/Mark E. Walker</u><br>**United States District Judge**

---

[1] By order dated September 3, 2013, this Court directed the clerk to give notice of this challenge to a federal act. ECF No. 23. While "the attorney general may intervene within 60 days after the notice," this Court is free to reject a constitutional challenge before the time to intervene expires. Fed. R. Civ. P. 5.1.